IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE No. 08-80584-CIV-MIDDLEBROOKS/JOHNSON

TRIGEANT LTD.
and TRIGEANT EP LTD.,

      Plaintiffs,

v.

PETROLEOS DE VENEZUELA, S.A.,

      Defendant.

_____/

## PLAINTIFFS' RENEWED (AND AMENDED) MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES RELATED TO JURISDICTION AND FOR ATTORNEYS' FEES

Plaintiffs, Trigeant Ltd. and Trigeant EP Ltd. ("Trigeant"), pursuant to Fed. R. Civ. P. 37, Southern District of Florida Local Rule 26.1(H)(2), file this Renewed (and Amended) Motion to Compel Production of Documents and Answers to Interrogatories Related to Jurisdiction and for Attorneys' Fees (the "Motion"), and state:

## I.    INTRODUCTION

Trigeant served jurisdictional interrogatories and requests to produce on PDVSA in April, 2009. PDVSA, as part of its ongoing efforts to resist discovery and avoid a merit-based evaluation of the issues in this case, objected to virtually all of the discovery propounded by Trigeant, and Trigeant filed a Motion to Compel on May 26, 2009. After the Motion to Compel was fully briefed, the Court entered an order dismissing Trigeant's Second Amended Complaint without prejudice, with leave to amend the complaint to allege specific facts to establish jurisdiction. [DE 111] The Court's Order also denied the pending Motion to Compel as moot.

Trigeant has amended it complaint, filing its Third Amended Complaint on September 16, 2009, and now seeks to renew its Motion to Compel, requesting the Court overrule PDVSA's objections, and compel PDVSA to answer the interrogatories and produce responsive documents.

## II.   FACTS

At the outset of this case, the Court allowed Trigeant to conduct jurisdictional discovery. Trigeant sought jurisdictional discovery from PDVSA and met with resistance at every turn. This resistance has, on multiple occasions, required this Court to order that Trigeant is entitled to jurisdictional discovery. These Orders include:

- Order of Reference to Judge Johnson for Scheduling Conference [DE 64] at 1: Stating "the [Magistrate's] pretrial scheduling order shall include a bifurcated discovery process initially limited to jurisdictional discovery."

- Omnibus Order Regarding DEs 38, 44, 46, 48, 53, and 58 [DE 65] at 5: Ordering Trigeant to file a memorandum "outlining the specific jurisdictional discovery that remains to be conducted."

- Order Granting Motion to Compel Rule 26(f) Conference (DE 63) and Granting Motion to Continue (DE 70) [DE 73] at 3: "Contrary to Defendant's assertion, this Court has ruled on the permissibility and scope of discovery. The Court previously ordered that a bifurcated discovery process, initially limited to jurisdictional discovery, shall take place. *See* DEs 64, 65."

- Order Approving Supplemental Joint Scheduling Order (DE 82) [DE 88] at 1: Ordering the parties to "exchange by April 27, 2009, first-stage preliminary disclosures and other information required by Fed.R.Civ.P. 26(a). First stage preliminary disclosures shall be with respect to jurisdictional issues."

Despite these Orders, PDVSA has continued to resist its discovery obligations through (1) PDVSA's objection and refusal to produce information responsive to the disclosure requirements of Federal Rule 26(a); and (2) PDVSA's Objections and Answers to Trigeant's First Set of Interrogatories Related to Defendant's Objection to Jurisdiction, and PDVSA's

Objections ("PDVSA's Interrogatory Responses")[1], and PDVSA's Objections and Responses to Trigeant's First Requests for Production of Documents Related to Defendant's Objections to Jurisdiction ("PDVSA's Responses to Requests")[2], (collectively "PDVSA's Responses to Jurisdictional Discovery").

PDVSA's Responses to Jurisdictional Discovery offer little more than boilerplate, non-specific objections without support of any kind. Pursuant to these objections—objections that run contrary to PDVSA's clear obligations under both the Federal Rules of Civil Procedure as well as the Local Rules of the Southern District of Florida—PDVSA provides virtually no responsive information and virtually no documents. PDVSA's tactics are readily apparent. It seeks to resist discovery at every turn, creating additional delays on the tight timeframe imposed for jurisdictional discovery, thereby hoping to avoid any real discovery into Trigeant's jurisdictional allegations.

Trigeant filed a Motion to Compel on May 26, 2009. After the Motion was fully briefed, the Court entered an order dismissing the Second Amended Complaint without prejudice, with leave to amend the complaint to allege specific facts to establish jurisdiction. [DE 111] The Court's Order also denied the pending Motion to Compel as moot. Trigeant has amended its complaint, filing its Third Amended Complaint on September 16, 2009, and now seeks to renew its Motion to Compel, requesting the Court overrule PDVSA's objections, and compel PDVSA to answer the interrogatories and produce responsive documents.

---

[1] A true and correct copy of PDVSA's Interrogatory Responses is attached hereto as Exhibit 1.
[2] A true and correct copy of PDVSA's Responses to Requests is attached hereto as Exhibit 2

Through this Renewed Motion, Trigeant requests that the Court compel PDVSA to provide complete responses to the Jurisdictional Discovery, so that the merits of this Court's jurisdiction over PDVSA can be properly evaluated.[3]

### III.   PDVSA'S GENERAL OBJECTIONS, INTERROGATORY ANSWERS AND RESPONSES TO REQUESTS FOR PRODUCTION

### A.   PDVSA'S General Objections Are Not Only Improper, but also Impermissibly Attempt to Obfuscate PDVSA's Compliance with its Discovery Obligations.

In response to both Plaintiffs' Jurisdictional Interrogatories and Plaintiffs' Jurisdictional Requests, PDVSA asserts virtually identical sets of sweeping general objections (referred to collectively as the "General Objections").[4]   Several of the General Objections are improperly asserted and all, when incorporated into PDVSA's responses, violate the specificity requirements of both the Federal Rules of Civil Procedure and the Southern District of Florida Local Rules. Equally important, the General Objections cloud actual efforts made, or not made, by PDVSA in responding to the Jurisdictional Discovery.   For those reasons, Trigeant asks that the Court overrule the General Objections and disallow PDVSA from withholding information or documents pursuant to the General Objections.   The most problematic General Objections are discussed in detail below.

---

[3] Significantly, since Trigeant filed its Third Amended Complaint, Magistrate Judge Johnson stated at the parties' Scheduling Conference that the parties are now entitled to conduct both jurisdictional *and* merits discovery. While the discovery propounded by Trigeant was confined solely to jurisdictional discovery, to the extent that PDVSA objected on the basis that it believed the discovery related to the merits of the case, rather than jurisdiction, those objections should now be overruled.

[4] The only difference between the two sets of general objections is a single additional general objection –General Objection #9 -- found in PDVSA's responses to Plaintiffs' Jurisdictional Requests.   General Objection #9 states, "PDVSA objects to Plaintiffs' requests to the extent that they characterize or categorize requests with labels such as 'PDVSA's Commercial Activities,' 'the Agency Relationship Between PDVSA and its Subsidiaries,' and 'PDVSA's Claimed Role in Executing National Oil Policy in this Case.' To the extent that PDVSA responds to a particular request, it does not concede or adopt Plaintiffs' characterization, description or categorization of that request."   Plaintiffs do not take issue with this objection.   Where the General Objection number differs between PDVSA's Interrogatory Responses and PDVSA's Responses to Requests, the general objection number for PDVSA's Responses to Interrogatories is provided and the corresponding number for PDVSA's Responses to Requests is shown in brackets.

## GENERAL OBJECTION NO. 1

PDVSA objects to Plaintiffs' requests to the extent that they require PDVSA to respond on behalf of non-party entities for which PDVSA is not the custodian of records, simply because PDVSA is the parent or an affiliate of the non-party entity. PDVSA responds only on behalf of itself.

### Reasons to Support the Motion:

Through General Objection No. 1, it appears that PDVSA is attempting to obscure or change its obligations under the Federal Rules of Civil Procedure and applicable case law.[5]   To the extent that PDVSA asserts General Objection No. 1 as a means of altering its obligation to respond to the Jurisdictional Discovery, this General Objection is improperly asserted. Accordingly, the Court should overrule General Objection No. 1.

## GENERAL OBJECTION NO. 3

PDVSA objects to each Interrogatory [Request] to the extent that such information is also in the possession, custody, or control of Plaintiffs, is a matter of public record, or can be provided more readily by another party or non-party with fewer burdens.

### Reasons to Support the Motion:

Courts have generally dismissed objections to the production of documents containing publicly available information.[6]   Documents containing publicly available information fall within the permissible scope of discovery, and objections to producing such documents should only be

---

[5]   *See American Honda Motor Co., Inc. v. Votour*, 435 So. 2d 368, 369 (Fla. 4th DCA 1983) (holding that, consistent with federal case law, the parent corporation was required to produce records of its wholly owned subsidiary); *Brunswick Corp. v. Suzuki Motor Co., Ltd.*, 96 F.R.D. 684, 686 (E.D. Wis. 1983) (holding that, even though defendant's U.S. subsidiaries were separate, independent entities, having individual control over day-to-day activities, records of subsidiaries were considered under defendant's control and were therefore, subject to discovery); *see also George Hantscho Co. v. Meihle-Goss-Dester, Inc.*, 33 F.R.D. 332, 334-35 (S.D. N.Y. 1963); *Chambers v. Capital Cities/ABC*, 154 F.R.D. 63, 66 (S.D.N.Y. 1994); *Standard Ins. Co. of New York v. Pittsburgh Elec. Insulation, Inc.*, 29 F.R.D. 185, 188 (W.D. Pa. 1961).

[6]   *Simon v. Pronational Ins. Co.*, No. 07-60757-CIV, 2007 WL 4893476, at *2 (S.D. Fla. Nov. 6, 2007) (dismissing the defendant's objection to provide information available in the public record because of the possible incompleteness and inaccuracy of the publicly available information, and the defendant's better position to verify the information's accuracy).

granted in exceptional circumstances where the production would be "extremely burdensome."[7]
PDVSA has made no showing of extreme burden with respect to any of the requests.

Further, because PDVSA's Responses are made subject to its General Objections, this objection obscures whether responsive information exists within PDVSA's possession, custody or control.  Through this objection PDVSA improperly attempts to shift the burden to Trigeant to look beyond the parties to this litigation for responsive information and then, (assuming Trigeant locates the information from some other source) obligates Trigeant to engage in a calculation of which source will face the least burdens in production.  Neither the Federal Rules nor applicable case law permit PDVSA to shift this burden to Trigeant.  Rather, they clearly dictate that "[e]ach interrogatory must be answered fully"[8] and that the "party answering an interrogatory must promptly furnish responsive information available through reasonable efforts."[9]  Moreover, a responding party "must produce documents within its possession, custody, or control."[10]  Accordingly, the Court should overrule PDVSA's General Objection No. 3.

## GENERAL OBJECTION NO. 4

PDVSA objects to Plaintiffs' Interrogatories [Requests] to the extent that they require PDVSA to respond on behalf of "employees" of PDVSA as defined by Plaintiffs.  PDVSA and its subsidiaries and affiliates had approximately 23,000 employees in January 2002 and presently have approximately 72,000 employees.  Plaintiffs' request that PDVSA respond on behalf of its "employees" is unduly burdensome and oppressive."

**Reasons to Support Motion:**

While PDVSA is undisputedly a large corporation, General Objection No. 4 obscures what efforts, if any, PDVSA has made to obtain responsive information or documents.

---

[7] *In re Sunrise Litigation*, 130 F.R.D. 560, 588 (E.D. Pa. 1989) (holding that while "it is not usually a ground for objection that the information [requested] . . . is a matter of public record," the objection in question would be granted when the request required the production of the files of 218 pending lawsuits).
[8] FED. R. CIV. P. 33(b)(3).
[9] *Martin v. Brown*, 151 F.R.D. 580, 593-594 (W.D. Pa. 1993).
[10] FED. R. CIV. P. 34(a)(1).

Presumably, because PDVSA has employed between 23,000 and 72,000 people during the relevant time period, PDVSA has chosen to view each employee as equal for purposes of responding to the Jurisdictional Discovery and, as a result, has not consulted with any of its employees. Indeed, in response to Interrogatory No.17, PDVSA represents that the *only* person who answered or *assisted in answering* the interrogatories was a single in-house attorney from PDVSA's legal department.[11]

PDVSA's overbroad objection based on its size would provide a safe-haven for all large corporations. There is no support for any such safe-haven in either the Federal Rules or the applicable case law. Accordingly, the Court should overrule PDVSA's General Objection No. 4 and require PDVSA to invoke the cooperation of, at a minimum, those employees most likely to have responsive information or documents.

## GENERAL OBJECTION NO. 5

PDVSA objects on grounds that Plaintiffs' Interrogatories [Requests] are overly broad in time, defining the "Designated Period" as between January 1, 2002 through the present, a period of seven-and-a-half years, extending far beyond any applicable statute of limitations.

### Reasons to Support Motion:

PDVSA's General Objection No. 5 is also without merit. Applicable statutes of limitation have little or nothing to do with a party's discovery obligations under the Federal Rules. Rather, Plaintiffs are entitled to documents and responsive information that might shed light on the claims and defenses at issue. Moreover, the time frame of January 1, 2002 to the present is entirely reasonable in that it encompasses PDVSA's earlier dealings with Trigeant, continues through its period of anticompetitive conduct, and includes any present-day

---

[11] *See* PDVSA's Interrogatory Responses (Exhibit 1) at p. 19, Interrogatory No. 17.

commercial contacts PDVSA has with the United States and Florida.[12]  Accordingly,  the Court

should overrule PDVSA's General Objection No. 5.

## GENERAL OBJECTION NO. 6

PDVSA objects on the grounds that Plaintiffs' Interrogatories are overly broad in geographic scope, defining the geographically relevant areas as including Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, New Jersey, New York, New Hampshire, North Carolina, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, and West Virginia (Petroleum Administrative Defense District, or "PADD,"]), and Alabama, Arkansas, Louisiana, Mississippi, New Mexico, and Texas ( PADD III) when the product at issue is Florida spec asphalt.

### Reasons to Support Motion:

PDVSA's General Objection No. 6 ignores the purpose of the Jurisdictional Discovery—

to discover information and documents relating to this Court's Jurisdiction over PDVSA.

PDVSA has argued that it is immune to jurisdiction under the FSIA and that the FSIA's

commercial activity exception does not apply to it.[13]  The FSIA is a jurisdictional defense[14], and

this Court has already determined that Trigeant is entitled to test PDVSA's assertion that it is

entitled to this defense.  Moreover, Trigeant has asserted that PDVSA, both alone and through its

subsidiaries, participated commercially in the asphalt market in Florida, and along the entire U.S.

East coast.[15]

These geographic areas—PADD I and PADD III—are designated by the United States

Department of Energy, include states within the U.S. East Coast and Gulf Coast (including

Florida), and are the industry-standard for keeping track of imports and exports for petroleum

---

[12] *See, e.g.*, Third Amended Complaint at ¶¶ 82-91

[13] Motion to Dismiss and Incorporated Memorandum of Law by Petroleos de Venezuela, S.A. [DE #44] at 1 ("PDVSA is an agency or instrumentality of a foreign state and is entitled to immunity as provided by the Foreign Sovereign Immunities Act."), 2 ("PDVSA does not as a general rule engage in commercial activities."), 4-8 (claiming PDVSA is "immune from the jurisdiction of the courts of the United States" under the FSIA).

[14] *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 481 (2003) (Breyer and O'Connor, concurring in part and dissenting in part) (FSIA "sets legal criteria for determining when a 'foreign state,' 28 U.S.C. § 1603(a), can assert a defense of sovereign immunity.").

[15] *See* Third Amended Complaint [DE #112] at ¶ 7.

products in the United States.[16]  Moreover, limiting Interrogatories or Requests for Production to

Florida alone rather than PADD I or PADD III, as PDVSA seeks to do through this general

objection, would exclude PDVSA's contacts with CITGO's Savannah refinery, the primary

source for CITGO/CARCO manufactured asphalt entering the Florida market.[17]  In addition,

General Objection No. 6 improperly seeks to limit PDVSA's Responses to the Jurisdictional

Discovery based on the "product at issue" and particular claims in this litigation.  That is not the

correct standard for jurisdictional discovery.

PDVSA can make no persuasive argument that the Jurisdictional Discovery is overly

broad in geographic scope.  Accordingly, the Court should overrule PDVSA's General Objection

No. 6.

## GENERAL OBJECTION NO. 12 [13]

PDVSA was required to respond to Plaintiffs' requests within five working days and, in order to assemble responses within this abbreviated time frame, counsel and PDVSA were required to work after ordinary business hours and deal with translation and other issues associated with a large, foreign-state owned agency or instrumentality.  PDVSA and undersigned counsel continue to investigate and research the issues of this litigation.  Accordingly, PDVSA reserves the right, as additional information is discovered, analyzed, or made available during discovery in the course of these proceedings, to supplement and/or revise these objections and responses.

**Reasons to Support Motion:**

PDVSA's claim that it was required to respond to the Jurisdictional Discovery within five

business days is contradicted by the record, and given the time that has now passed, is irrelevant.

Faced with a brief three-month jurisdictional discovery period, on April 20, 2009, Trigeant

served PDVSA with the Jurisdictional Discovery.  On April 29, 2009, the Court shortened the

---

[16] *See* Energy Information Administration, PADD: Petroleum Administration for Defense Districts, *available at* http://tonto.eia.doe.gov/oog/info/twip/padddef.html (last accessed May 21, 2009); Third Amended Complaint at ¶ 78.

[17] *See* Third Amended Complaint at ¶¶ 76-77.  CITGO/CARCO also maintained a refinery in Paulsboro, New Jersey, which produced asphalt.  Like the Savannah refinery, this refinery falls within PADD I, and may have played a role in creating asphalt for sale in the Florida market.

time to respond to Trigeant's discovery.   [DE #87], ordering PDVSA's responses to the Jurisdictional Discovery due on May 5, 2009.  PDVSA secured an additional week and served Trigeant with PDVSA's Responses to Jurisdictional Discovery on May 12, 2009.  At that point, PDVSA had the Jurisdictional Discovery since April 20, 2009 and previews of the Jurisdictional Discovery since March 31, 2009.

Moreover, the list of hurdles complained of by PDVSA in this General Objection represents hurdles faced by virtually every lawyer and litigant and does not excuse PDVSA's almost complete failure to provide responsive information and documents.  Further, as of the date of filing this Motion, Trigeant has neither supplemented nor revised its Responses in any way.   Accordingly, the Court should overrule General Objection No. 12 [13] and compel PDVSA to provide complete responses in accordance with its obligations under the Federal Rules of Civil Procedure.

**GENERAL OBJECTION NO. 13 [14]**

PDVSA notes that, by Plaintiffs' own admission, as reflected in its discovery requests and in a summary arbitral confirmation proceeding pending before this Court, Plaintiffs can point to no more than one long-term supply agreement and two spot agreements with non-party PDVSA Petroleo, S.A. that are potentially relevant to their claims.  PDVSA respectfully submits that this litigation against PDVSA is not the appropriate vehicle for pursuing claims arising out of those agreements; rather, pursuant to the agreements themselves, arbitration (in which Plaintiffs declined to pursue their alleged antitrust claims) was the procedural vehicle for asserting those claims.

**Reasons to Support Motion:**

PDVSA's "note" is not a proper discovery objection.  To the extent that PDVSA has used General Objection No. 13 [14] as the basis for withholding responsive information or documents, the Court should overrule PDVSA's General Objection No. 13 [14] and compel PDVSA to provide all such information and documents to Trigeant.

**B.    PDVSA's Answers to Interrogatories Consist of Boilerplate Objections With Little Or No Responsive Information.**

<u>**INTERROGATORY NO. 1**</u>

Identify and explain PDVSA's relationship to all companies, businesses, affiliates, or subsidiaries in which PDVSA maintains a direct or indirect interest and which participated in the sale of asphalt or Boscan to individuals or businesses in the United States at any time during the Designated Period.

<u>**Objection:**</u>

PDVSA objects to Interrogatory No. 1 as vague, ambiguous, overly broad, unduly burdensome, harassing and because much of the information sought is neither relevant nor material, nor will it lead to the discovery of admissible evidence on the issue of jurisdiction. PDVSA further responds that the information sought by Plaintiffs is a matter of public record, equally accessible to Plaintiffs from any number of sources, including but not limited to PDVSA'S website, the Bolivarian Republic of Venezuela's Official Gazette, and Delaware's and New Jersey's Secretary of State.

Subject to these objections and the foregoing general objection, PDVSA responds that it is the national oil and gas company of the Bolivarian Republic of Venezuela, wholly owned by the Venezuelan government. Its operations are supervised by the Ministry of Energy and Petroleum (formerly the Ministry of Energy and Mines) ("the Ministry"), which establishes the general policies of PDVSA. PDVSA's Board of Directors is responsible for implementing policies established by the Ministry and the government of Venezuela. All oil reserves within Venezuela are owned by Venezuela, and activity related to such reserves is vested in the State. PDVSA was created as the entity that coordinates, monitors, controls and develops Venezuela's petroleum petrochemical, gas, coal and related industries through its Venezuelan and international subsidiaries. A number of entities wholly or partially owned by PDVSA function as administrative, operating and/or marketing representatives and enter into contracts with entities who desire to purchase Venezuelan petroleum products. These entities are separate and independent from PDVSA, are fully capitalized, and have separate and independent juridical identities. PDVSA believes that the following list encompasses those subsidiaries that participated in the sale of asphalt or Boscan crude oil to individuals or businesses in the United States between 2002 and the present, but reserves the right to supplement this list should additional information become available: PDVSA Petroleo, S.A. and CITGO Asphalt and Refining Company.

<u>**Reasons to Support Motion:**</u>

PDVSA's objections fail to conform with S.D. Fla. L.R. 26.1(G)(3)(a), which requires

that "the objection shall state with specificity all grounds" and Federal Rule of Civil Procedure

33(b)(4) which dictates that "[t]he grounds for objecting to an interrogatory must be stated with

specificity."[18]   Moreover, PDVSA makes no attempt, as it must, to justify or substantiate its litany of boilerplate objections.   Federal courts have held that, "boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."[19]   Because PDVSA's generalized objections are wholly inadequate under the Federal Rules and applicable case law, these objections should be rejected, treated as waived, and PDVSA should be disallowed from withholding responsive information

Moreover, PDVSA's objection based upon the information's alleged availability in the public record is also without merit and should be rejected and treated as waived, as discussed with respect to General Objection No. 3.[20]

## INTERROGATORY NO. 2

Identify and provide contact information for all individuals who served as members of the corporate boards, board committees, or management committees of the following PDVSA companies during the Designated Period, including the dates on which they served, their position in the company, and a description of their role in the company:
  a)   PDVSA
  b)   PDVSA Petroleo
  c)   CITGO
  d)   CARCO
  e)   PDV America, Inc.

**Objection:**

PDVSA objects to Interrogatory No. 2 as vague, ambiguous, overly broad, unduly burdensome, harassing and because much of the information sought is neither relevant nor material, nor will it lead to the discovery of admissible evidence on

---

[18]  FED. R. CIV. P. 33(b)(4).

[19]  *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586-587 (C.D. Cal. 1987) and quoting *Josephs v. Harris* Corp., 677 F.2d 985, 992 (3d Cir. 1982)("mere statement by a party that the interrogatory  was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection"); *See also* Chubb *Integrated Sys. v. National Bank of Wash.*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (objecting party must specifically show how interrogatory is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence that reveals nature of burden).

[20]  *See Simon v. Pronational Ins. Co.*, 2007 WL 4893476 at *2 (S.D. Fla. Nov. 6, 2007) (dismissing the defendant's objection to provide information available in the public record because of the possible incompleteness and inaccuracy of the publicly available information, and the defendant's better position to verify the information's accuracy); 8 Wright & Miller, Federal Practice and Procedure, Civil § 2014, at 204 (West 1994) ("[I]t is not usually ground for objection that the information is equally available to the interrogator or is a matter of public record.")

the issue of jurisdiction. PDVSA further responds that the information sought by Plaintiffs is a matter of public record, equally accessible to Plaintiffs from any number of sources, including but not limited to PDVSA'S website, Venezuela's Official Gazette, the websites of the various subsidiaries and affiliates, and Delaware's and New Jersey's Secretary of State.

Subject to these objections and the general objections, PDVSA lists the directors and officers of PDVSA. PDVSA then continued to object as follows:

> With respect to the specific subsidiaries and affiliates referenced in the interrogatories, PDVSA responds that the information is publicly accessible, although certain information is only available from the Delaware or New Jersey Secretary of State at a significant charge. Considering the questionable relevance of this inquiry in the context of FSIA jurisdictional discovery, it is unduly burdensome and oppressive to require PDVSA to bear the expense of identifying "all individuals who served as members of the corporate boards, board committees, or management committees" of the subsidiaries, particularly when the information is equally accessible to Plaintiffs.

### Reasons to Support Motion:

PDVSA's generalized, boilerplate objections to Interrogatory No. 2 are inadequate under the Federal Rules and applicable case law, as discussed with respect to Interrogatory No. 1. In addition, Trigeant's Interrogatory No. 2 is not "vague," "ambiguous" or "overly broad." Rather, Interrogatory No. 2 very specifically seeks relevant information well within the bounds of jurisdictional discovery ordered by the Court[21], as discussed with respect to General Objection No. 6. In order to test PDVSA's FSIA defense and to demonstrate its own jurisdictional allegations in the Third Amended Complaint with respect to the commercial activities of PDVSA, Trigeant seeks documents and information reflecting PDVSA's efforts to exercise control over PDVSA subsidiary companies that did business in the United States during the Designated Period. Information relating to "individuals who served as members of the corporate boards, board committees, or management committees" of PDVSA subsidiaries or affiliates is

---

[21] As stated above, because Trigeant is now entitled to conduct merit discovery, any objection that a request goes beyond jurisdictional discovery is invalid.

highly relevant to determining the level of coordination and overlap between PDVSA and these entities and, potentially, the degree of control exercised by PDVSA over these entities.

Subject to its boilerplate objections, PDVSA provides limited information for directors and officers of PDVSA itself, but refuses to produce information relating to its subsidiaries and affiliates. Instead, PDVSA provides a vague and confusing objection relating to the alleged public accessibility of the called-for information. More specifically, PDVSA contends that the information may be obtained, by Trigeant, through either the "Delaware or New Jersey Secretary of State at a significant charge." As discussed in reference to Interrogatory No. 1, this objection is without merit and should be rejected. Moreover, PDVSA's objection offers no support for the position that, without itself incurring the aforementioned costs of the Delaware and New Jersey Secretary of State, it cannot easily obtain the called for information from its subsidiaries and affiliates. Accordingly, this objection should also be rejected by the Court and treated as waived, and PDVSA should be compelled to provide a complete response to Interrogatory No. 2.

## INTERROGATORY NO. 3

Identify and provide contact information for all individuals who concurrently held board positions, executive positions, or management positions in more than one of the PDVSA companies (including but not limited to PDVSA, PDV America, Inc., PDVSA Petroleo, CITGO, and CARGO) during the Designated Period.

### Objection

None. Rather than object, PDVSA incorporates its response to Interrogatory No. 2.

### Reasons to Support Motion:

PDVSA's answer to Interrogatory No. 3 is insufficient for each of the reasons enumerated as to Interrogatory No. 2. However, while PDVSA's answer to Interrogatory No. 2 provides a partial response to that Interrogatory, it fails entirely to provide information responsive to Interrogatory No. 3.

As with Interrogatory No. 2, Interrogatory No. 3 seeks information relevant to the jurisdictional issues before the Court. More particularly, Trigeant has asserted that PDVSA, both alone and through its subsidiaries, participated commercially in the asphalt market in Florida, and along the entire U.S. East coast. PDVSA has specifically denied these assertions as part of its FSIA defense. Trigeant's Interrogatory No. 3 seeks information relating to individuals who concurrently held positions of control in PDVSA and one or more of its subsidiaries. Such information is pointedly relevant to determining the level of coordination and overlap between PDVSA and these entities and, potentially, the degree of control exercised by PDVSA over these entities. Accordingly, PDVSA should be compelled to supply Trigeant with a complete and accurate response to Interrogatory No. 3.

### INTERROGATORY NO. 4

Identify all PDVSA representatives, employees, or officials responsible for supervising or coordinating the sale of Boscan or asphalt into any area within PADD I or PADD III during the Designated Period, including their position in the company, a description of their role in the company, and an explanation of their role in the Boscan or asphalt sales process.

#### Objection

PDVSA objects to Interrogatory No. 4 as vague, ambiguous, overly broad, unduly burdensome, harassing and because much of the information sought is neither relevant nor material, nor will it lead to the discovery of admissible evidence on the issue of jurisdiction. Subject to these objections and the foregoing general objections, PDVSA directs Plaintiffs to its response to Interrogatory No. 1 and further responds that PDVSA is not involved in the sale of Boscan crude oil or asphalt.

#### Reasons to Support Motion:

PDVSA's generalized, boilerplate objections to Interrogatory No. 4 are inadequate under the Federal Rules and applicable case law, as discussed with respect to Interrogatory No. 1. To the extent that PDVSA takes the position that there are no such "employees, representatives, or officials" it should be compelled to make that representation explicitly.

## INTERROGATORY NO. 6

What role did PDVSA play in the marketing, transfer, or sale of Boscan or asphalt into PADD I and PADD III during the Designated Period?

### Objection:

No specific objections provided.   Instead, PDVSA incorporates its responses to Interrogatories 1 and 4.

### Reasons to Support Motion:

PDVSA's generalized, boilerplate objections to Interrogatory No. 6 are inadequate under the Federal Rules and applicable case law, as discussed with respect to Interrogatory No. 1.  To the extent that PDVSA takes the position that it played no role in the marketing, transfer, or sale of Boscan or asphalt into PADD I and PADD III during the Designated Period, it should be compelled to make that representation expressly.

## INTERROGATORY NO. 7

Identify and list by date all sales or exports of Boscan and asphalt from outside the United States into any area within PADD I and PADD III by the PDVSA companies during the Designated Period, along with the type of product, the original of the product, and the destination of the product.

### Objection:

No specific objections provided.   Instead, PDVSA only incorporates its responses to Interrogatories 1 and 4.

### Reasons to Support Motion:

PDVSA's generalized, boilerplate objections to Interrogatory No. 7 are inadequate under the Federal Rules and applicable case law, as discussed with respect to Interrogatory No. 1.  To the extent that PDVSA takes the position that it did not sell or export Boscan and asphalt from outside the United States into any area within PADD I and PADD III during the Designated Period, it should be compelled to make that representation expressly.

## INTERROGATORY NO. 8

Identify and list by date all sales or transfers of asphalt from within the United States into Florida by the PDVSA companies during the Designated Period, along with the type of product, the original of the product, and the destination of the product.

**Objection:**

No specific objections provided. Instead, PDVSA only incorporates its responses to Interrogatories 1 and 4.

**Reasons to Support Motion:**

PDVSA's generalized, boilerplate objections to Interrogatory No.8 are inadequate under

the Federal Rules and applicable case law, as discussed with respect to Interrogatory No. 1. To

the extent that PDVSA takes the position that it did not sell or transfer asphalt from within the

United States into Florida during the Designated Period, it should be compelled to make that

representation expressly.

## INTERROGATORY NO. 9

Identify all PDVSA officials, representatives, or employees, who met with representatives or employees of Trigeant in Caracas, Venezuela during the Designated Period, along with date, time, location and purpose of the meeting(s).

**Objection:**

PDVSA objects to Interrogatory No. 9 as vague, ambiguous, overly broad, unduly burdensome, and seeking information protected from discovery by the attorney-client privilege or work product doctrine. PDVSA further objects on grounds that much of the information sought is neither relevant nor material, nor will it lead to the discovery of admissible evidence on the issue of jurisdiction. Subject to these objections, as well as the foregoing general objections, PDVSA responds that it is aware of certain settlement meetings in Caracas, Venezuela between representatives of Trigeant and PDVSA, the content of which is irrelevant to Plaintiffs' claims or protected by the attorney-client privilege. PDVSA further responds that to the extent Plaintiffs have alleged that a meeting took place in Caracas, Venezuela on March 3, 2003 between PDVSA officials and Trigeant, PDVSA has no documentation or record of that meeting.

**Reasons to Support Motion**:

PDVSA's generalized, boilerplate objections to Interrogatory No. 9 are inadequate under the Federal Rules and applicable case law, as discussed with respect to Interrogatory No. 1. In addition, PDVSA's privilege objection fails to conform with S.D. Fla. L.R. 26.1(G)(3)(b). More particularly, PDVSA fails to provide any information detailing or supporting its privilege assertion. This failure is particularly problematic given that the Interrogatory asks for the identity of PDVSA officials, representatives, or employees who met with Trigeant representatives, a subject that hardly lends itself to any assertion of privilege.

While the subject of any such meetings may or may not be relevant to Trigeant's claims, the fact that PDVSA representatives engaged in settlement discussions with Trigeant is certainly relevant to issues of jurisdiction. Responsive information might demonstrate PDVSA's control over its subsidiaries and affiliates and its ultimate responsibility for the sale and transport of Boscan into U.S. Markets.

## INTERROGATORY NO. 10

Did PDVSA employees, representatives, or officials ever participate in any formal or informal meetings in which there were discussions about the coordination of business activities between PDVSA, PDVSA Petroleo, PDV America, Inc, CITGO or CARCO during the Designated Period? If so, please identify the date, time, and location of these meetings, along with the names, positions, and employees of those individuals present.

### Objection:

PDVSA objects to Interrogatory No. 10 as vague and ambiguous in its use of the terms "coordination of business activities," overly broad and unduly burdensome in its time and geographic scope, and seeking information protected from discovery by the attorney-client privilege or work product doctrine. PDVSA further objects on grounds that much of the information sought is neither relevant nor material, nor will it lead to the discovery of admissible evidence on the issue of jurisdiction. Subject to this objection and the foregoing general objections, PDVSA has no documentation or record of such meetings.

**Reasons to Support Motion**:

PDVSA's generalized, boilerplate objections to Interrogatory No. 10 are inadequate under the Federal Rules and applicable case law, as discussed with respect to Interrogatory No. 1. Moreover, PDVSA's privilege objection fails to conform with S.D. Fla. L.R. 26.1(G)(3)(b), for the reasons discussed with respect to Interrogatory No. 9.

PDVSA's assertion that "coordination of business activities" constitutes vague or ambiguous language is without merit. Neither the word "coordination," nor the word "business activities," is vague in any way. It is apparent from the interrogatory that Trigeant is asking whether there were meetings in which PDVSA, PDVSA Petroleo, PDV America, Inc., CITGO or CARCO discussed the coordination of business-related activities between any of those entities – discussions regarding, for example, at least two of the entities working together, acting harmoniously, taking common action, cooperating, ensuring activities were not inconsistent, or instructions or direction from one entity to another, with respect to any business-related activity.

PDVSA's objection that Trigeant's Request for Production is somehow "overly broad in time and geographic scope" is also baseless. Trigeant's Interrogatory No. 10 is limited to communications of a specific category which may have occurred at any time from January 1, 2002 to the present. This is period is entirely reasonable as explained with respect to General Objection No. 5 Interrogatory No. 10 does not limit the geographic scope because any meeting discussing coordination of business activities could lead to the discovery of evidence of an agency relationship, regardless of where the meeting took place. For these reasons, PDVSA should be compelled to provide a complete and accurate response to Interrogatory No. 10.

## INTERROGATORY NO. 11

Identify all sales agreements, marketing agreements, letters of understanding, services agreements, or any other agreement between any of the PDVSA companies which was in place

at any point during the Designated Period and which related to the sale or export of Boscan or asphalt to the United States, including the parties to such agreement, the purpose of the agreement, and the duration of the agreement.

**Objection**:

PDVSA objects to Interrogatory No. 11 as vague, ambiguous, overly broad, unduly burdensome, and seeking information protected from discovery by the attorney-client privilege or work product doctrine. PDVSA further objects on grounds that much of the information sought is neither relevant nor material, nor will it lead to the discovery of admissible evidence on the issue of jurisdiction. Subject to this objection and the foregoing general objections, PDVSA has no documentation or record of such agreements.

**Reasons to Support Motion**:

PDVSA's generalized, boilerplate objections to Interrogatory No. 11 are inadequate under the Federal Rules and applicable case law, as discussed with respect to Interrogatory No. 1. PDVSA's response is also unclear in that they purportedly have no "documentation or record" of such agreements. To the extent that PDVSA takes the position that no sales agreements, marketing agreements, letters of understanding, services agreements, or any other agreement existed between any of the PDVSA companies at any point during the Designated Period that related to the sale or export of Boscan or asphalt to the United States, PDVSA should be compelled to make that representation expressly.

## INTERROGATORY NO. 12

Did PDVSA employees, officials, or representatives play any role in negotiating the Marketing/Sales Agreement of February 24, 2003? If so, list these individuals, including their name, position, employer, and current contact information.

**Objection**:

PDVSA objects to Interrogatory No. 12 as overly broad, as requesting information protected from discovery under the attorney-client privilege or work product doctrine, and on grounds that the information sought is neither relevant nor material, nor will it lead to the discovery of admissible evidence on the issue of jurisdiction. Subject to this objection and the foregoing general objections, PDVSA responds that for a brief period of time, between December 8, 2002 and March 6, 2003, Ali Rodriguez, the former President of PDVSA and the current Finance Minister for Venezuela, was vested with authority pursuant to an emergency

shareholders resolution dated December 8, 2002, to act on behalf of PDVSA and its subsidiaries, due to exigent circumstances created by a crippling work stoppage. Mr. Rodriguez executed the Marketing/Sales Agreement of February 24, 2003 on behalf of PDVSA Petroleo, S.A. PDVSA further responds that it is producing a copy of the emergency shareholders resolution dated December 8, 2002, in response to Request No. 15.

**Reasons to Support Motion**:

PDVSA's generalized, boilerplate objections to Interrogatory No. 12 are inadequate under the Federal Rules and applicable case law, as discussed with respect to Interrogatory No. 1. In addition, PDVSA's privilege objection fails to conform with S.D. Fla. L.R. 26.1(G)(3)(b), as PDVSA fails to provide any information detailing or supporting its privilege assertion.

Moreover, PDVSA's response to Trigeant's Interrogatory No. 12 appears to be facially deficient. PDVSA offers a single name—Ali Rodriguez—and states that Mr. Rodriguez, for a period of time in 2002-2003, was "vested with authority [] to act on behalf of PDVSA and its subsidiaries" and, in so doing, "executed the Marketing/Sales Agreement of February 24, 2003 on behalf of PDVSA Petroleo, S.A." While the acknowledgement that, under any circumstances, PDVSA may take control over or act on behalf of its subsidiaries is a powerful admission, it is not credible that Mr. Rodriguez acted alone at PDVSA and that no other PDVSA employees, officials, or representatives assisted with negotiations or in finalizing the Marketing/Sales Agreement of February 24, 2003. To the extent that additional PDVSA employees, officials, or representatives were involved, PDVSA should be compelled to identify these individuals, along with their name, position, employer, and current contact information.

## INTERROGATORY NO. 15

Did PDVSA officials, employees, or representatives either formally or informally instruct employees or representatives of PDVSA Petroleo in their Boscan sales practices towards Trigeant? If so, state the date(s) of the instruction, the content(s) of the instruction, the form(s) in which the instruction was given and from whom or what entity the instruction came.

**Objection**:

PDVSA objects to Interrogatory No. 15 as vague, ambiguous, overly broad, unduly burdensome, harassing and because much of the information sought is neither relevant nor material, nor will it lead to the discovery of admissible evidence on the issue of jurisdiction. Subject to these objections, and the foregoing general objections, PDVSA responds that it does not do business in the Florida asphalt market, either directly or indirectly, and that it was therefore not directed by the Government of Venezuela to take actions through its subsidiaries to influence the Florida asphalt market.

**Reasons to Support Motion**:

PDVSA's generalized, boilerplate objections to Interrogatory No. 15 are inadequate

under the Federal Rules and applicable case law, as discussed with respect to Interrogatory No.

1. Moreover, PDVSA's response does not answer the question asked and appears to be a copy of

its response to Interrogatory No. 14. PDVSA should be compelled to provide a complete and

accurate response to Interrogatory No. 15.

**C.    The Court Should Compel PDVSA to fully and Properly Respond to Trigeant's Requests for Production.**

## REQUEST FOR PRODUCTION NO. 1

All documents that show PDVSA's direct or indirect ownership of any interest in any businesses or entities located in the United States involved in the sale, production, or refining of crude oil and/or asphalt at any time during the Designated Period.

**Objection:**

PDVSA objects to this request on the grounds that it is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA. Subject to these objections, and to the General Objections, PDVSA identifies the following entities: PDV Holding Company, Inc.; PDV America, Inc.; PDV Texas, Inc.; PDV Sweeny, Inc.; PDV Chalmette, Inc.; CITGO Petroleum Corporation; and CITGO Asphalt Refining Company. With the exception of CITGO Asphalt Refining Company, which is a New Jersey general partnership, each of these entities is registered or incorporated in the State of Delaware.

PDVSA further responds that, although it has access to certain information about these entities, the information is a matter of public record and Plaintiffs' access is equivalent, if not superior, to PDVSA's. PDVSA reserves the right to supplement this response as additional information may become available.

**<u>Reasons to Support Motion</u>:**

PDVSA's generalized, boilerplate objections to Request No. 1 are inadequate under the Federal Rules and applicable case law, as discussed with respect to Interrogatory No. 1.

Moreover, Trigeant's request is not "overly broad." It seeks relevant information well within the bounds of jurisdictional discovery ordered by the Court[22], as discussed with respect to General Objection No. 6. In order to test PDVSA's FSIA defense and to demonstrate its own jurisdictional allegations in the Third Amended Complaint with respect to the commercial activities of PDVSA, Trigeant seeks documents and information reflecting PDVSA's ties to business and entities located in the United States that played a role in the Boscan and asphalt markets during the Designated Period. Documents reflecting how PDVSA maintained and exercised an ownership interest in various United States companies involved in the relevant markets are important to identifying all the subsidiaries and agents owned by PDVSA which engaged in commercial activities during the Designated Period in the relevant markets. Such documents are also critical in demonstrating that PDVSA engaged in commercial activities within Florida and the United States alone and through these same subsidiaries and agents in which it held some form of ownership interest.

Likewise, PDVSA's objection that the requested information is "a matter of public record" and therefore need not be produced has no basis in law, is not a recognized objection, and should be rejected, as discussed with respect to General Objection 3. Moreover, PDVSA provides no information with respect to where these documents may be obtained in the public record, or why it believes that Trigeant's "access is equivalent, if not superior, to PDVSA's."

Finally, PDVSA may not treat this request as an interrogatory, "identifying" entities in

---

[22] As discussed with respect to Interrogatory 2, because Trigeant is no longer limited to jurisdictional discovery, any objection that a request goes beyond jurisdictional discovery is invalid.

which it has a direct or indirect ownership interest and which commercially participate in the

United States and Florida crude oil and asphalt markets, rather than producing responsive

documents which show how PDVSA holds or exercises its interest. In addition, PDVSA's claim

to have "reserved the right" to supplement this response with additional objections runs afoul of

the Court's Order Granting Defendant's Motion for Additional Time [DE #82], which provides

that Defendant's responses and/or objections to Plaintiff's jurisdictional discovery were due May

12, 2009.

## REQUEST FOR PRODUCTION NO. 2

All documents relating to PDVSA's efforts to acquire a direct or indirect interest in any business or entity located in the United States involved in the sale, production, or refining of crude oil and/or asphalt at any time during the Designated Period.

### Objection:

PDVSA objects to this request on the grounds that it is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA. Subject to this objection, and to the General Objections, PDVSA responds that it has no such documents in its possession.

### Reasons to Support Motion:

PDVSA's objections should be overruled because they lack the required level of

specificity, as discussed with respect to Request No. 1. Moreover, Trigeant's request is not

"overly broad." It seeks relevant information well within the bounds of jurisdictional discovery

ordered by the Court, as discussed with respect to General Objection No. 6. In order to test

PDVSA's FSIA defense and to demonstrate its own jurisdictional allegations in the Third

Amended Complaint with respect to the commercial activities of PDVSA, Trigeant seeks

documents and information reflecting PDVSA's efforts to acquire control over companies in the

United States that participated in the Boscan and asphalt markets during the Designated Period.

Documents reflecting how PDVSA took steps to purchase or otherwise acquire these companies

are important to identifying the nature and extent of PDVSA's commercial activities in Florida and the United States.

"Subject to" its objections, PDVSA protests that it does not have "possession" of the requested information. This is not a valid objection, as Fed. R. Civ. P. 34(a)(1) requires that PDVSA produce all responsive documents within its "possession, custody, or control." Also, as indicated in its General Objections, PDVSA has failed to consult with its employees, agents, or representatives to determine if the requested documents are within its "possession, custody, or control."[23] In addition, Trigeant has reason to believe that PDSVA is withholding documents responsive to this Request for Production, based on documents responsive to other Requests for Production which PDVSA has failed to produce while claiming that no such documents existed.

## SPECIFIC REQUEST FOR PRODUCTION NO. 3

All communications from the Designated Period between PDVSA and individuals or companies in the United States relating to the sale or transfer of Boscan or asphalt into PADD I or PADD III.

### Objection:

PDVSA objects to this request on the grounds that it is overly broad in time and geographic scope, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA, and seeks information protected by the attorney-client privilege or work product doctrine. Subject to these objections, and to the General Objections, PDVSA responds that it has no such documents in its possession, custody or control, as it does not negotiate or enter into contracts for the sale or transfer of Boscan crude oil or asphalt.

---

[23] PDVSA has objected to Plaintiffs' requests "to the extent that they require PDVSA to respond on behalf of 'employees' of PDVSA," on the basis that doing so would be "unduly burdensome and oppressive." PDVSA's Objections to Trigeant's Document Requests, General Objection No. 4 at 2. Similarly, in responding to Trigeant's Interrogatories, PDVSA states that only a single employee answered or assisted in answering Trigeant's Interrogatories. *See* PDVSA's Objections to Trigeant's Interrogatories, Answer to Interrogatory No. 17 at p. 19. Based on these statements and objections by PDVSA, it is clear that PDVSA has failed to meet its most basic discovery obligations, hoping to placate Trigeant and the Court "by engaging in halfhearted and ineffective efforts to identify and produce relevant documents." *Brakta v. Anheuser-Busch Co., Inc.*, 164 F.R.D. 448, 463 (S.D. Ohio 1995).

**Reasons to Support Motion:**

PDVSA's objections should be overruled because they lack the required level of specificity, as discussed with respect to Request No. 1. PDVSA's privilege objections also fail to conform to S.D. Fla. L.R. 26.1(G)(3)(b). PDVSA does not identify in its objection the exact nature of the privilege, the type of document or electronically stored information over which it is being asserted, the general subject matter of the document or electronically stored information, the date of the document or electronically information, or even the author, addressee, or any other recipient of the document or electronically stored information.[24] PDVSA has not prepared a privilege log as required by this rule. *See* S.D. Fla. L.R. 26.1(G)(3)(c). In short, there is no way for Trigeant or the Court to assess whether these communications are actually privileged.

Trigeant's request is not "overly broad in time and geographic scope" and only seeks relevant information well within the bounds of jurisdictional discovery ordered by the Court, as discussed with respect to General Objection No. 6. In order to test PDVSA's FSIA defense and to demonstrate its own jurisdictional allegations in the Third Amended Complaint with respect to the commercial activities of PDVSA, Trigeant seeks communications between PDVSA and individuals and companies in the United States relating to the sale or transfer of Boscan or asphalt into PADD I and PADD III. Such communications are relevant in that they constitute strong evidence that PDVSA is engaged, directly or indirectly, in the commercial sale of Boscan or asphalt within or into Florida and the United States. Request No. 3 is limited to information from January 1, 2002 to the present (the "Designated Period").[25] This is a reasonable period as explained with respect to General Objection No. 5. Similarly, Trigeant has limited this Request

---

[24] If the communication was oral in nature, PDVSA likewise fails to identify the name of the person making the communication and the names of persons present while the communication was made, the date and place of the communication, and the general subject matter of the communication. *See* S.D. Fla. L.R. 26.1(G)(3)(b)(ii)(B).

[25] *See also* Trigeant's Document Requests, Request Nos. 1-8 at pp. 6-7; Trigeant's Interrogatories, Interrogatory Nos. 1, 4, 6-11, 16 at pp. 9-14, 16.

to a reasonable geographic area, as explained with respect to General Objection No. 6.

"Subject to" its objections, PDVSA protests that it does not have "possession, custody or control" of the requested information "as it does not negotiate or enter into contracts for the sale or transfer of Boscan crude oil or asphalt."[26] However, this assertion appears to be demonstrably untrue, both as demonstrated by evidence uncovered by Trigeant, as well as by PDVSA's response to Interrogatory No. 9. First, as acknowledged by PDVSA's subsidiary and agent CITGO, CITGO has "long-term crude oil supply agreements with PDVSA for a portion of the crude oil requirements for our Lake Charles, Corpus Christi, Paulsboro and Savannah refineries."[27] In these agreements, which include PDVSA's "Crude Supply Agreement between CITGO Petroleum Corporation and Petróleos de Venezuela, S.A." and "Supplemental Crude Supply Agreement between CITGO Petroleum Corp. and Petróleos de Venezuela, S.A,"[28] PDVSA states that "the execution of this Agreement and the performance by PDVSA of its obligations hereunder constitute private and commercial acts of PDVSA rather than governmental or public acts."[29] Second, PDVSA's undisputed participation in meetings with Trigeant in Venezuela (addressed later in this Motion), admitted in its Answer to Interrogatory No. 9, is by itself an indicator that PDVSA played a central role in determining Boscan sales to Trigeant and others in Florida and the United States.[30] Also, as discussed in Request No. 2, PDVSA should be compelled to consult with its employees, agents, or representatives to locate responsive documents.

---

[26] PDVSA's Objections to Trigeant's Document Requests, Response to Request No. 3 at p. 6.
[27] CITGO Petroleum Corp., Form 8-K, dated Feb. 25, 2003, attached hereto as Ex. 3.
[28] Crude Supply Agreement between CITGO Petroleum Corporation and Petróleos de Venezuela, S.A., attached hereto as Ex. 4 (excerpt from SEC filing); Supplemental Crude Supply Agreement between CITGO Petroleum Corporation and Petróleos de Venezuela, S.A., attached hereto as Ex. 5 (excerpt from SEC filing).
[29] Crude Supply Agreement between CITGO Petroleum Corporation and Petróleos de Venezuela at § 4.3(a); Supplemental Crude Supply Agreement between CITGO Petroleum Corporation and Petróleos de Venezuela, S.A. at § 4.3.
[30] *See* PDVSA's Objections to Trigeant's Interrogatories, Answer to Interrogatory No. 9, at p. 14.

## REQUEST FOR PRODUCTION NO. 4

All minutes, logbook entries, notes, or other documents from the Designated Period relating to or referencing meetings attended by officials or representatives of PDVSA at which sales of Boscan or asphalt in PADD I or PADD III were discussed.

### Objection:

PDVSA objects to this request on the grounds that it is overly broad in time and geographic scope, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA. Subject to these objections, and to the General Objections, PDVSA responds that it has no such documents in its possession, custody or control, as it does not negotiate or enter into contracts for the sale or transfer of Boscan crude oil or asphalt.

### Reasons to Support Motion:

PDVSA's objections should be overruled because they lack the required level of specificity, as discussed with respect to Request No. 1.

Trigeant's request is not "overly broad in time and geographic scope" and only seeks relevant information within the bounds of jurisdictional discovery, for the same reasons set forth with respect to Request No. 3. In order to test PDVSA's FSIA defense and to demonstrate its own jurisdictional allegations in the Third Amended Complaint with respect to the commercial activities of PDVSA, Trigeant seeks all minutes, logbook entries, notes, or other documents from the Designated Period relating to or referencing meetings attended by officials or representatives of PDVSA at which sales of Boscan or asphalt in PADD I or PADD III were discussed. Such documents are relevant in that they may demonstrate that PDVSA is engaged, directly or indirectly, in the commercial sale of Boscan or asphalt within or into Florida and the United States.

"Subject to" its objections, PDVSA protests that it does not have "possession, custody or control" of the requested information "as it does not negotiate or enter into contracts for the sale or transfer of Boscan crude oil or asphalt." However, this assertion appears to be demonstrably

untrue, as discussed with respect to Request No. 3.

## REQUEST FOR PRODUCTION NO. 5

All documents from the Designated Period, including but not limited to all customs forms, sales contracts, bills of lading, memorandums of understanding, and purchase orders, showing the sale or transfer of Boscan or asphalt into PADD I and/or PADD III.

### Objection:

PDVSA objects to this request on the grounds that it is overly broad in time and geographic scope, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA. Subject to these objections, and to the General Objections, PDVSA responds that it has no such documents in its possession, custody or control, as it does not negotiate or enter into contracts for the sale or transfer of Boscan crude oil or asphalt.

### Reasons to Support Motion:

PDVSA's objections should be overruled because they lack the required level of specificity, as discussed with respect to Request No. 1. Additionally, Trigeant's request is not "overly broad in time and geographic scope" and only seeks relevant jurisdictional discovery, for the reasons discussed with respect to Request No. 3.

In order to test PDVSA's FSIA defense and to demonstrate its own jurisdictional allegations in the Third Amended Complaint with respect to the commercial activities of PDVSA, Trigeant seeks all documents from the Designated Period, including but not limited to all customs forms, sales contracts, bills of lading, memorandums of understanding, and purchase orders, showing the sale or transfer of Boscan or asphalt into PADD I and/or PADD III. Such documents are relevant in that they may demonstrate that PDVSA is engaged, directly or indirectly, in the commercial sale of Boscan or asphalt within or into Florida and the United States.

"Subject to" its objections, PDVSA protests that it does not have "possession, custody or control" of the requested information "as it does not negotiate or enter into contracts for the sale

or transfer of Boscan crude oil or asphalt."[31]   In addition, Trigeant has reason to believe that

PDVSA has withheld and continues to withhold documents responsive to this Request for

Production, based on its failure to produce documents or information relating to its long-term

crude-oil supply sales directly to its United States subsidiary CITGO, as discussed with respect

to Request No. 3.

**REQUEST FOR PRODUCTION NO. 6**

All documents relating to or analyzing market studies or market research of Boscan or
asphalt in PADD I and/or PADD III from the Designated Period.

**Objection:**

PDVSA objects to this request on the grounds that it is overly broad in time and
geographic scope, and seeks information that is not reasonably calculated to lead to the discovery
of admissible evidence on the issue of the Court's jurisdiction over PDVSA.  Subject to these
objections, and to the General Objections, PDVSA responds that it has no such documents in its
possession, custody or control.

**Reasons to Support Motion:**

PDVSA's objections should be overruled because they lack the required level of

specificity, as discussed with respect to Request No. 1.  In addition, Trigeant's request is not

"overly broad in time and geographic scope" and only seeks relevant information well within the

bounds of jurisdictional discovery ordered by the Court, for the reasons set forth with respect to

Request No. 3.

In order to test PDVSA's FSIA defense and to demonstrate its own jurisdictional

allegations in the Third Amended Complaint with respect to the commercial activities of

PDVSA, Trigeant seeks all documents relating to or analyzing market studies or market research

of Boscan or asphalt in PADD I and/or PADD III from the Designated Period.  Such documents

are relevant in that they may demonstrate that PDVSA is engaged, directly or indirectly, in the

commercial sale of Boscan or asphalt within or into Florida and the United States.

PDVSA claims that it does not have "possession, custody or control" of the requested information "as it does not negotiate or enter into contracts for the sale or transfer of Boscan crude oil or asphalt," Trigeant has reason to believe that PDVSA has withheld and continues to withhold documents responsive to this Request for Production, based on its failure to produce documents or information relating to its long-term crude-oil supply sales directly to its United States subsidiary CITGO, as discussed with respect to Request No. 3.

## REQUEST FOR PRODUCTION NO. 7

All documents and communications from the Designated Period relating to the 2002 Supply Agreement with Trigeant.

### Objection:

PDVSA objects to this request on the grounds that it is overly broad in time and geographic scope, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA, and seeks information protected by the attorney-client privilege or work product doctrine. Subject to these objections, and to the General Objections, PDVSA responds that it has no such documents in its possession, custody or control.

### Reasons to Support Motion:

PDVSA's objections should be overruled because they lack the required level of specificity, as discussed with respect to Request No. 1. PDVSA's privilege objections also fail to conform with S.D. Fla. L.R. 26.1(G)(3)(b), for the reasons discussed with respect to Request No. 3. Trigeant's request is not "overly broad in time and geographic scope" and only seeks relevant information well within the bounds of jurisdictional discovery ordered by the Court, as discussed with respect to Request No. 3.

In order to test PDVSA's FSIA defense and to demonstrate its own jurisdictional allegations in the Third Amended Complaint with respect to the commercial activities of

PDVSA, Trigeant seeks all documents and communications from the Designated Period relating to the 2002 Supply Agreement with Trigeant. Such documents and communications are relevant in that they will demonstrate that PDVSA was engaged, directly or indirectly, in negotiations with Trigeant over the commercial sale of Boscan or asphalt within or into Florida and the United States.

Also, as discussed in Request No. 2, PDVSA should be compelled to consult with its employees, agents, or representatives to locate responsive documents. In addition, Trigeant has reason to believe that PDSVA is withholding documents responsive to this Request for Production, based on documents responsive to other Requests for Production which PDVSA has failed to produce while claiming that no such documents existed, as discussed with respect to Request No. 3.

## REQUEST FOR PRODUCTION NO. 8:

All documents and communications from the Designated Period concerning or originating from meetings between Trigeant representatives and representatives of any of the PDVSA companies in Caracas, Venezuela.

### Objection:

PDVSA objects to this request on the grounds that it is overly broad in time and geographic scope, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA, seeks information protected by the attorney-client privilege or work product doctrine, and seeks information to which Plaintiffs have equivalent if not superior access. Subject to these objections, and to the General Objections, PDVSA responds that it has no such documents in its possession, custody or control.

### Reasons to Support Motion:

PDVSA's objections should be overruled because they lack the required level of specificity, as discussed with respect to Request No. 1. PDVSA's privilege objections also fail to conform with S.D. Fla. L.R. 26.1(G)(3)(b), for the reasons discussed with respect to Request

No. 3. Likewise, PDVSA's objection that Trigeant "seeks information to which Plaintiffs have equivalent if not superior access," is not a recognized objection, and should be rejected.[32] Moreover, PDVSA provides no information with respect to which communications or documents it believes Trigeant has (better) access to, or why it believes that Trigeant's access is equivalent or superior to its own.

In order to test PDVSA's FSIA defense and to demonstrate its own jurisdictional allegations in the Third Amended Complaint with respect to the commercial activities of PDVSA, Trigeant seeks all documents and communications from the Designated Period concerning or originating from meetings between Trigeant representatives and representatives of any of the PDVSA companies in Caracas, Venezuela. Such documents and communications are relevant in that they would show that PDVSA is engaged, directly or indirectly, in negotiations with Trigeant (a Florida company) over the commercial sale of Boscan or asphalt within or into Florida and the United States. Importantly, Request No. 8 is drawn directly from allegations in the Third Amended Complaint, which indicate that PDVSA is subject to jurisdiction in Florida by negotiating with and otherwise conducting business with Trigeant, a Florida company.[33]

Furthermore, PDVSA's objection that Trigeant's request is "overly broad in…geographic scope" is illogical, as Trigeant explicitly limits the geographic scope of this Request to documents and communications concerning or originating from meetings in Caracas, Venezuela.

Also, as discussed in Request No. 2, PDVSA should be compelled to consult with its employees, agents, or representatives to locate responsive documents. In addition, Trigeant has

---

[32] *See St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) (Remarking, with respect to identical discovery objection that documents were equally available to other party, that "courts have unambiguously stated that this exact objection is insufficient to resist a discovery request.") (citing *City Consumer Svcs. v. Horne*, 100 F.R.D. 740, 747 (D. Utah 1983)); Wright & Miller, Federal Practice and Procedure, Civil § 2014, at 204 (West 1994) ("[I]t is not usually ground for objection that the information is equally available to the interrogator[.]").

[33] *See, e.g.*, Third Amended Complaint at ¶ 4, ¶ 93, ¶ 107.

reason to believe that PDSVA is withholding documents responsive to this Request for Production, based on documents responsive to other Requests for Production which PDVSA has failed to produce while claiming that no such documents existed, as discussed with respect to Request No. 3.

## REQUEST FOR PRODUCTION NO. 9

All documents, including lists of attendees, minutes, or notes, that relate to any meetings or presentations concerning the Boscan or asphalt markets, and involving any of the employees, board members, or officers of PDVSA.

### Objection:

PDVSA objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA. Subject to these objections, and to the General Objections, PDVSA responds that it has no such documents in its possession, custody or control.

### Reasons to Support Motion:

PDVSA's objections should be overruled because they lack the required level of specificity, as discussed with respect to Request No. 1.

PDVSA's vagueness objection must be rejected, as Request No. 9 describes "with reasonable particularity" the documents and items being requested. FED. R. CIV. P. 34(b)(1)(A) (2009). A document request is made with "reasonable particularity" when the party requesting the production of documents provides "sufficient information to enable [the party to whom the request is directed] to identify responsive documents."[34]   "Courts have interpreted the 'particularity' requirement to mandate that a responding party be given sufficient information to enable it to identify responsive documents."[35]  Request No. 9 places PDVSA on notice of what is called for and what is not, and provides it with sufficient information to enable it to identify

---

[34] *St. Paul Reinsurance Co.*, 198 F.R.D. at 514 (quoting *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W. Va. 2000)).
[35] *Id.* (citing *Mallinckrodt Chem. Works. v. Goldman, Sachs & Co.*, 58 F.R.D. 348 (S.D.N.Y. 1973)).

responsive documents. Trigeant even gave examples of what such documents would be, such as "lists of attendees, minutes, or notes"[36] from meetings or presentations concerning the Boscan or asphalt markets which were attended by or otherwise involving any of the employees, board members, or officers of PDVSA.

PDVSA's objection that this Request for Production is "unduly burdensome" is similarly hollow. As explained by one federal court:

> Under well-settled law, the party resisting production bears the responsibility of establishing undue burden. *G-69 v. Degnan,* 130 F.R.D. 326, 331 (D.N.J.1990). Generally, a party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden. "An objection must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden." *Chubb Integrated Systems Limited, v. National Bank of Washington,* 103 F.R.D. 52, 59-60 (D.D.C.1984); *see also EEOC v. Quad/Graphics,Inc.,* 63 F.3d 642 (7th Cir.1995). The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request. *See Twin City Fire Ins. Co. v. Ford Motor Co.,* 124 F.R.D. 652 (D.Nev.1989). A mere showing of burden and expense is not enough. *Ericson v. Ford Motor Co.,* 107 F.R.D. 92 (E.D.Ark.1985).

*Cocker v. Duke & Co., Inc.* 177 F.R.D. 682, 686 (M.D. Ala. 1998). PDVSA has provided no such substantiation to support its objection, and its "unduly burdensome" objection must be denied as a matter of form.

Nor is this Request for Production "overly broad" or otherwise beyond the scope of jurisdictional discovery ordered by the Court. Throughout this case, Trigeant has claimed that PDVSA acted on its own and through its agents to manipulate the Florida market for Florida-spec asphalt.[37] In fact, Trigeant's Third Amended Complaint expressly states that "[d]uring the relevant period, PDVSA completely controlled the actions of its U.S. agents and subsidiaries" and that "[t]hrough these agents and subsidiaries, and by its own actions, PDVSA is active in the

---

[36] Trigeant's Document Requests, Request No. 9 at p. 7.
[37] *See* Third Amended Complaint [DE #112] at ¶¶ 76, 81, 82, 89

paving asphalt market along the entire U.S. Atlantic coast, including the State of Florida."[38] Among its jurisdictional defenses, PDVSA has argued that no such agency relationship existed, and that it did not take commercial actions of any kind in the United States or Florida through its subsidiaries.[39]

There is no question that discovery with respect to both Trigeant's jurisdictional allegations set forth in the Third Amended Complaint and PDVSA's jurisdictional defenses is allowed. Jurisdictional discovery on the question of the agency relationship between PDVSA and its subsidiaries is particularly critical to Trigeant's case, as the agency question is pertinent to both PDVSA's participation in the Florida asphalt market, as well as PDVSA's commercial activities.[40] *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95-96, 99 (2nd Cir. 2000) (finding that a federal district court in New York had jurisdiction over two self-identified foreign "holding companies" in the petroleum industry based on the activities of their agent, the investor relations office of the defendants' subsidiary, Shell Oil Co.).

Documents in PDVSA's possession, custody, or control from meetings or presentations concerning the Boscan or asphalt markets, and involving any of the employees, board members, or officers of PDVSA, are highly relevant to the Court's determination in this case of whether PDVSA's relationship with its subsidiaries rises to the level of an agency relationship. Trigeant requests these documents, not to build its case on the merits, but because PDVSA's very possession of such documents and records would suggest that it played an active role in

---

[38] Third Amended Complaint [DE #112] at ¶ 7.
[39] *See* Petroleos de Venezuela, S.A.'s Reply Memorandum in Support of Motion to Dismiss [DE #49] at 3-6 (arguing against the agency relationship alleged by Trigeant); Motion to Dismiss and Incorporated Memorandum of Law by Petroleos de Venezuela, S.A. [DE #44] at 1 ("PDVSA does not as a general rule engage in commercial activities.").
[40] *See* Trigeant's Memorandum Regarding Jurisdictional Discovery [DE #75] at 8 ("As explained in Trigeant's Response, PDVSA's activity though or coordination with agents such as Citgo, Carco, and PDVSA Petroleo is a commercial activity that waives its purported FSIA immunity, and subjects it to the full jurisdiction of this Court."); Trigeant's Response [DE #45] at 5-7.

coordinating the activities of CITCO and CARCO, its primary agents in the Florida asphalt market.[41]   Beyond its obvious relevancy, Trigeant's request is in no way overly broad or burdensome.   This request is limited in time to the Designated Period and requests highly specific information pertinent to jurisdictional issues raised by both parties.

Also, as discussed in Request No. 2, PDVSA should be compelled to consult with its employees, agents, or representatives to locate responsive documents.  In addition, Trigeant has reason to believe that PDSVA is withholding documents responsive to this Request for Production, based on documents responsive to other Requests for Production which PDVSA has failed to produce while claiming that no such documents existed, as discussed with respect to Request No. 3.

**REQUEST FOR PRODUCTION NO. 10**

All documents relating to contracts, sales agreements, marketing agreements, letters of understanding, services agreements, or any other agreement between PDVSA and INTEVEP, S.A., valid at any time during the Designated Period and which are related to the sale of Boscan or asphalt.

**Objection:**

PDVSA objects to this request on the grounds that it is overly broad in time and geographic scope, vague, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA.  Subject to these objections, and to the General Objections, PDVSA responds that it has no such documents in its possession, custody or control.

**Reasons to Support Motion:**

PDVSA's objections should be overruled because they lack the required level of specificity, as discussed with respect to Request No. 1.  In addition, PDVSA's vagueness and unduly burdensome objections should be overruled for the same reasons discussed above with

---

[41] Information regarding PDVSA's participation in Boscan and asphalt sales within and into the United States is also important in demonstrating that PDVSA was, on its own behalf, actively partaking in commercial activities in the United States and Florida.

respect to Request No. 9. PDVSA's objection that Trigeant's Request for Production is somehow "overly broad in time and geographic scope" is also baseless, for the reasons discussed with respect to Request No. 3.

Request No. 10 is limited to a certain type of contract or agreement between PDVSA and its subsidiary which was in force or valid at any time from January 1, 2002 to the present. PDVSA's objection that Trigeant's request is "overly broad in...geographic scope" is illogical, as there is no reason to limit the geographic scope of this request whose purpose is to unravel the agency relationship between PDVSA and its subsidiary which do business in Florida and the United States.[42]

PDVSA's objection that this Request is beyond the scope of jurisdictional discovery ordered by the Court should be overruled for the same reasons as discussed with respect to Request No. 9. Documents in PDVSA's possession, custody, or control which relate to contracts or agreements between PDVSA and INTEVEP, S.A. are relevant to the Court's determination of whether PDVSA's relationship with its subsidiaries is an agency relationship. Indeed, it is partly through these contracts and agreements that PDVSA exercises strong control over its subsidiaries and agents. This control over PDVSA's subsidiaries and agents, including CITGO and CARCO (as well as INTEVEP, S.A.), is how PDVSA managed to direct the commercial activities of its agents in Florida. As a result, these documents are both relevant and critical to Trigeant's jurisdictional case.

Also, as discussed in regard to Request No. 2, PDVSA should be compelled to consult with its employees, agents, or representatives to locate responsive documents. In addition,

---

[42] This relationship, while stemming from PDVSA's headquarters in Caracas, Venezuela, extends to Florida, the United States, and beyond. Any attempt to impose an artificial geographic limitation on the set of responsive documents to this Request for Production would effectively vitiate its utility in identifying documents relevant to the parties' positions on the questions of jurisdiction raised in this case.

Trigeant has reason to believe that PDSVA is withholding documents responsive to this Request for Production, based on documents responsive to other Requests for Production which PDVSA has failed to produce while claiming that no such documents existed, as discussed with respect to Request No. 3.

## REQUEST FOR PRODUCTION NO. 11

All documents relating to contracts, sales agreements, marketing agreements, letters of understanding, services agreements, or any other agreement between PDVSA and PDV America, Inc., valid at any time during the Designated Period and which are related to the sale of Boscan or asphalt.

### Objection:

PDVSA objects to this request on the grounds that it is overly broad in time and geographic scope, vague, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA. Subject to these objections, and to the General Objections, PDVSA responds that it has no such documents in its possession, custody or control.

### Reasons to Support Motion:

PDVSA's objections should be overruled because they lack the required level of specificity, as discussed with respect to Request No. 1. In addition, PDVSA's vagueness, burdensomeness, relevance and lack of documents objections should be overruled for the reasons stated with respect to Request No. 9. PDVSA's objection that Trigeant's Request for Production is somehow "overly broad in time and geographic scope" is also baseless, for the reasons discussed with respect to Request No. 3.

Nor is this Request for Production beyond the scope of jurisdictional discovery ordered by the Court. Documents in PDVSA's possession, custody, or control that relate to contracts or agreements between PDVSA and PDV America, Inc. are relevant to the Court's determination in this case of whether PDVSA's relationship with its subsidiaries rises to the level of an agency relationship. Indeed, it is partly through these contracts and agreements that PDVSA exercises

strong control over its subsidiaries and agents. This control over PDVSA's subsidiaries and agents, including CITGO and CARCO (as well as PDV America, Inc.), is how PDVSA managed to direct the commercial activities of its agents in Florida. As a result, these documents are both relevant and critical to Trigeant's jurisdictional case.

## REQUEST FOR PRODUCTION NO. 12

All contracts, sales agreements, marketing agreements, letters of understanding, services agreements, or any other agreement between PDVSA and PDVSA Petroleo, valid at any time during the Designated Period and which are related to the sale of Boscan or asphalt.

### Objection:

PDVSA objects to this request on the grounds that it is overly broad in time and geographic scope, vague, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA, and seeks information protected by the attorney-client privilege or work product doctrine. Subject to these objections, and to the General Objections, PDVSA responds that it has no such documents in its possession, custody or control.

### Reasons to Support Motion:

PDVSA's objections should be overruled because they lack the required level of specificity, as discussed with respect to Request No. 1. In addition, PDVSA's vagueness, burdensomeness, relevance and lack of documents objections should be overruled for the reasons stated with respect to Request No. 9. PDVSA's privilege objections also fail to conform with S.D. Fla. L.R. 26.1(G)(3)(b), for the reasons set forth with respect to Request No. 3. PDVSA's objection that Trigeant's Request for Production is somehow "overly broad in time and geographic scope" is also baseless, for the reasons discussed with respect to Request No. 3.

Documents in PDVSA's possession, custody, or control which relate contracts or agreements between PDVSA and PDVSA Petroleo are relevant to the Court's determination in this case of whether PDVSA's relationship with its subsidiaries is an agency relationship. Indeed, it is partly through these contracts and agreements that PDVSA exercises strong control

over its subsidiaries and agents.  This control over PDVSA's subsidiaries and agents, including

CITGO and CARCO (as well as PDVSA Petroleo), is how PDVSA managed to direct the

commercial activities of its agents in Florida.  As a result, these documents are both relevant and

critical to Trigeant's jurisdictional case.

**REQUEST FOR PRODUCTION NO. 13**

All documents relating to contracts, sales agreements, marketing agreements, letters of understanding, services agreements, or any other agreement between PDVSA and CITGO, valid at any time during the Designated Period and which are related to the sale of Boscan or asphalt.

**Objection:**

PDVSA objects to this request on the grounds that it is overly broad in time and geographic scope, vague, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA, and seeks information protected by the attorney-client privilege or work product doctrine.  Subject to these objections, and to the General Objections, PDVSA responds that it has no such documents in its possession, custody or control.

**Reasons to Support Motion:**

PDVSA's objections should be overruled because they lack the required level of

specificity, as discussed with respect to Request No. 1.  In addition, PDVSA's vagueness,

burdensomeness, relevance and lack of documents objections should be overruled for the reasons

stated with respect to Request No. 9.

Documents in PDVSA's possession, custody, or control which relate to contracts or

agreements between PDVSA and CITGO are relevant to the Court's determination in this case of

whether PDVSA's relationship with its subsidiaries rises to the level of an agency relationship.

Indeed, it is partly through these contracts and agreements that PDVSA exercises strong control

over its subsidiaries and agents.  This control over PDVSA's subsidiaries and agents, including

CITGO and CARCO, is how PDVSA managed to direct the commercial activities of its agents in

Florida. As a result, these documents are both relevant and critical to Trigeant's jurisdictional case.

Nevertheless, PDVSA protests in response to Request No. 13, which asks for agreements between PDVSA and CITGO related to the sale of Boscan or asphalt, that "it has no such documents in its possession, custody or control."[43] However, this assertion appears to be untrue, indicating that PDVSA is withholding critical responsive documents to Trigeant's jurisdictional discovery requests. Despite its repeated protestations, PDVSA was in the possession, custody, or control of a "Crude Supply Agreement between CITGO Petroleum Corporation and Petróleos de Venezuela, S.A." and a "Supplemental Crude Supply Agreement between CITGO Petroleum Corp. and Petróleos de Venezuela, S.A."[44] According to securities filings made by PDVSA's agent CITGO, "[o]ur ultimate parent is PDVSA, the national oil company of the Bolivarian Republic of Venezuela and our largest supplier of crude oil."[45] CITGO explains that "[w]e have long-term crude oil supply agreements with PDVSA for a portion of the crude oil requirements for our Lake Charles, Corpus Christi, Paulsboro and Savannah refineries."[46] Two of these refineries — the Savannah refinery and the Paulsboro refinery — were among the refineries that produced asphalt for PDVSA's agent CARCO.[47] Trigeant has alleged that PDVSA, acting through CITGO and CARCO, sold this asphalt on the Florida market.[48] Trigeant believes that these agreements, attached as Exhibit 4 and Exhibit 5 to this Motion, are only two of many documents which PDVSA continues to withhold and which are responsive to Trigeant's

---

[43] PDVSA's Objections to Trigeant's Document Requests, Response to Request No. 13 at p. 11.
[44] Crude Supply Agreement between CITGO Petroleum Corporation and Petróleos de Venezuela, S.A., attached hereto as Ex. 4 (excerpt from SEC filing);   Supplemental Crude Supply Agreement between CITGO Petroleum Corp. and Petróleos de Venezuela, S.A., attached hereto as Ex. 5 (excerpt from SEC filing).
[45] CITGO Petroleum Corp., Current Report, Form 8-K, dated Feb. 25, 2003, attached hereto as Ex. 3.
[46] *Id.*
[47] *See* CITGO Petroleum Corp., About CITGO, Company Operations, Refining at http://www.citgo.com/, , attached hereto as Ex. 6.
[48] *See* Third Amended Complaint at ¶ 76.

Document Requests and Interrogatories.

Also, as discussed in Request No. 2, PDVSA should be compelled to consult with its employees, agents, or representatives to locate responsive documents.

## **REQUEST FOR PRODUCTION NO. 14**

All documents relating to contracts, sales agreements, marketing agreements, letters of understanding, services agreements, or any other agreement between PDVSA and CARCO, valid at any time during the Designated Period and which are related to the sale of Boscan or asphalt.

### **Objection:**

PDVSA objects to this request on the grounds that it is overly broad in time and geographic scope, vague, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA. Subject to these objections, and to the General Objections, PDVSA responds that it has no such documents in its possession, custody or control.

### **Reasons to Support Motion:**

PDVSA's objections should be overruled because they lack the required level of specificity, as discussed with respect to Request No. 1. In addition, PDVSA's vagueness, burdensomeness, relevance and lack of documents objections should be overruled for the reasons stated with respect to Request No. 9. PDVSA's objection that Trigeant's Request for Production is somehow "overly broad in time and geographic scope" is also baseless, for the reasons set forth with respect to Request No. 3.

Nor is this Request for Production beyond the scope of jurisdictional discovery ordered by the Court. Documents in PDVSA's possession, custody, or control which relate to contracts or agreements between PDVSA and CARCO are relevant to the Court's determination in this case of whether PDVSA's relationship with its subsidiaries rises to the level of an agency relationship. Indeed, it is partly through these contracts and agreements that PDVSA exercises strong control over its subsidiaries and agents. This control over PDVSA's subsidiaries and

agents, including CITGO, CARCO, and others, is how PDVSA managed to direct the commercial activities of its agents in Florida. As a result, these documents are both relevant and critical to Trigeant's jurisdictional case.

### REQUEST FOR PRODUCTION NO. 15

All documents and communications relating to the Marketing/Sales Agreement of February 24, 2003, including any documents or records concerning or evidencing its termination.

### Objection:

PDVSA objects to this request to the extent that it is overly broad and seeks information protected by the attorney-client privilege or work product doctrine. Subject to this objection, and to the General Objections, PDVSA responds that it will produce an emergency shareholders resolution dated December 8, 2002, pursuant to which the former President of PDVSA, Ali Rodriguez (now the Minister of Finance for the Bolivarian Republic of Venezuela), was granted authority to act on behalf of PDVSA and its affiliates for a brief period of time, in view of a crippling work stoppage. This authority and the Marketing/Sales Agreement were terminated when the work stoppage came to an end and *force majeure* was lifted on or about March 6, 2003.

### Reasons to Support Motion:

PDVSA's objections should be overruled because they lack the required level of specificity, as discussed with respect to Request No. 1. PDVSA's privilege objections also fail to conform with S.D. Fla. L.R. 26.1(G)(3)(b), for the reasons set forth with respect to Request No. 3.

Nor is this Request for Production "overly broad" or otherwise beyond the scope of discovery. Documents and communications relating to the Marketing/Sales Agreement of February 24, 2003 are relevant to the Court's determination in this case of whether PDVSA's relationship with its subsidiaries is an agency relationship. These documents will provide additional detail regarding the agency relationships between PDVSA, PDVSA Petroleo, CITGO,

and CARCO.[49]  In addition to requesting clearly relevant documents, Trigeant's request is in no way overly broad.  This request is limited to documents and communications which relate to a highly specific contractual agreement that has played a central role in the parties' jurisdictional arguments.[50]  Trigeant has a right to access documents and communications which will reveal details as to how PDVSA used this Marketing/Sales Agreement to coordinate commercial activities with its subsidiaries and agents PDVSA Petroleo, CITGO, and CARCO, all of which indisputably participated in the Florida asphalt market.

While responsive, the single emergency shareholders' resolution produced by PDVSA does not end PDVSA's document production obligations with respect to Request No. 15. Although PDVSA admits that under this resolution, the President of PDVSA was granted authority to act on behalf of PDVSA and its affiliates, it claims that "[t]his authority and the Marketing/Sales Agreement were terminated."  PDVSA has made this unsupported assertion about the Marketing/Sales Agreement once before[51], and as a result, Trigeant has specifically asked for "any documents or records concerning or evidencing its termination."  PDVSA has failed to produce any and all documents or communications relating to its termination as requested by Trigeant, in addition to the other documents and communications relating to the Marketing/Sales Agreement  which PDVSA does not deny it has within its possession, custody, or control.

---

[49] Information regarding PDVSA's participation in Boscan and asphalt sales within and into the United States is also important in demonstrating that PDVSA was, on its own behalf, actively partaking in commercial activities in the United States and Florida.

[50] *See* Third Amended Complaint at ¶ 82-84 (Alleging how this marketing agreement was a key aspect of the agency relationship between PDVSA and CITGO); Trigeant's Response [DE #45] at 7 (Referring to the February 24, 2003 Marketing/Sales Agreement , and stating that "because PDVSA controls every aspect of Petroleo, any relationship between Petroleo and Citgo is likely determined and managed by PDVSA."); Petroleos de Venezuela, S.A.'s Reply Memorandum in Support of Motion to Dismiss [DE #49] at 4-5, n.5.

[51] *See* Petroleos de Venezuela, S.A.'s Reply Memorandum in Support of Motion to Dismiss [DE #49] at 4-5, n.5

## REQUEST FOR PRODUCTION NO. 17

All communications and documents relating to or concerning meetings at any time during the Designated Period between representatives from the PDVSA companies for the purpose of coordinating business activities, or in which there was a discussion of coordinating business activities, affecting the market for Boscan in PADD I or PADD III.

### Objection:

PDVSA objects to this request on the grounds that it is overly broad in time and geographic scope, vague, unduly burdensome, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA, and seeks information protected by the attorney-client privilege or work product doctrine. Subject to these objections, and to the General Objections, PDVSA responds that it has no such documents in its possession, custody or control.

### Reasons to Support Motion:

PDVSA's objections should be overruled because they lack the required level of specificity, as discussed with respect to Request No. 1.  In addition, PDVSA's vagueness, burdensomeness, relevance and lack of documents objections should be overruled for the reasons stated with respect to Request No. 9.  PDVSA's privilege objections also fail to conform with S.D. Fla. L.R. 26.1(G)(3)(b), for the reasons discussed with respect to Request No. 3.  PDVSA's objection that Trigeant's Request for Production is somehow "overly broad in time and geographic scope" is also baseless, for the reasons set forth with respect to Request No. 3.

Documents in PDVSA's possession, custody, or control which relate to or otherwise concern meetings between the PDVSA companies or their representatives for the purpose of coordinating business activities with an impact on the market for Boscan within PADD I or PADD III are relevant to the Court's determination in this case of whether PDVSA's relationship with its subsidiaries is an agency relationship.  Indeed, Trigeant has reason to believe that it is through these meetings that PDVSA exercises strong control over its subsidiaries and agents, as well as how PDVSA managed to direct the commercial activities of its agents in Florida.  As a

result, these documents are both relevant and critical to Trigeant's jurisdictional case.

## **REQUEST FOR PRODUCTION NO. 18**

All communications and documents relating to or concerning meetings during the Designated Period between representatives from the PDVSA companies and regarding the coordination of business activities affecting the market for asphalt in PADD I or PADD III at any time during the Designated Period.

### **Objection:**

PDVSA objects to this request on the grounds that it is overly broad in time and geographic scope, vague, unduly burdensome, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA, and seeks information protected by the attorney-client privilege or work product doctrine. Subject to these objections, and to the General Objections, PDVSA responds that it has no such documents in its possession, custody or control.

### **Reasons to Support Motion:**

PDVSA's objections should be overruled because they lack the required level of specificity, as discussed with respect to Request No. 1. In addition, PDVSA's vagueness, burdensomeness, relevance and lack of documents objections should be overruled for the reasons stated with respect to Request No. 9. PDVSA's privilege objections also fail to conform with S.D. Fla. L.R. 26.1(G)(3)(b), for the reasons set forth with respect to Request No. 3. PDVSA's objection that Trigeant's Request for Production is somehow "overly broad in time and geographic scope" is also baseless, as discussed with respect to Request No. 3.

Nor is this Request for Production beyond the scope of discovery. Documents in PDVSA's possession, custody, or control which relate to or otherwise concern meetings between the PDVSA companies or their representatives for the purpose of coordinating business activities with an impact on the market for asphalt within PADD I or PADD III are relevant to the Court's determination in this case of whether PDVSA's relationship with its subsidiaries is an agency relationship. Indeed, Trigeant has reason to believe that it is through these meetings that PDVSA

exercises strong control over its subsidiaries and agents, as well as how PDVSA managed to direct the commercial activities of its agents in Florida. As a result, these documents are both relevant and critical to Trigeant's jurisdictional case.

## SPECIFIC REQUEST FOR PRODUCTION NO. 19

All reports and communications from PDVSA to the Government of Venezuela reflecting or relating to activities in the United States at any time during the Designated Period.

### Objection:

PDVSA objects to this request on the grounds that it is overly broad, vague, unduly burdensome, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA, seeks information protected by the attorney-client privilege or work product doctrine, and seeks information relating to an act of state and/or a political question not properly the subject of jurisdictional discovery.

### Reasons to Support Motion:

PDVSA's objections should be overruled because they lack the required level of specificity, as discussed with respect to Request No. 1. In addition, PDVSA's vagueness, burdensomeness, relevance and lack of documents objections should be overruled for the reasons stated with respect to Request No. 9. PDVSA's privilege objections also fail to conform with S.D. Fla. L.R. 26.1(G)(3)(b), for the reasons discussed with respect to Request No. 3.

Request No. 19 places PDVSA on notice of what is called for and what is not, and provides it with sufficient information to enable it to identify responsive documents and communications. For example, the Request for Production states the parties between whom the communications took place, the subject of the communication, as well as a specific time period for the communication. Indeed, as part of Request No. 19, Trigeant has given examples of what such documents and communications would be, such as "reports" sent from PDVSA to the Government of Venezuela detailing the commercial business activities and/or non-commercial

governmental activities pursued by PDVSA in the United States and Florida.

Nor is this Request for Production "overly broad" or otherwise beyond the scope of discovery.[52] PDVSA, in support of its FSIA arguments, has argued on numerous occasions that it was carrying out the policies of the Government of Venezuela as it acted within Florida and the United States and is therefore not subject to the commercial activity exception to the FSIA. For instance, PDVSA claimed in its filings with the Court that "in performing the sovereign function of executing Venezuelan energy policy, including deciding how best to exploit the country's national resources, [PDVSA] is acting 'fundamentally' as a government, and is not subject to the commercial activity exception to the FSIA."[53] Similarly, in support of its jurisdictional arguments, PDVSA wrote that "decisions concerning how best to execute a national oil policy are…not subject to either the Commercial Activity or Tortious Act exception to the FSIA."[54]

Even before Trigeant was entitled to merits discovery, Trigeant was entitled to "liberal discovery to establish jurisdictional facts."[55] Trigeant's request for reports and communications from PDVSA to the Government of Venezuela reflecting or relating to its activities in the United States is an opportunity for Trigeant to refute PDVSA's claim that "[PDVSA] is acting 'fundamentally' as a government, and is not subject to the commercial activity exception to the FSIA."[56] Given that Trigeant's Request No. 19 stems directly from PDVSA's own FSIA

---

[52] PVDSA also argues as part of its objections that this Request for Production "seeks information relating to an act of state and/or a political question not properly the subject of jurisdictional discovery." *See* PDVSA's Objections to Trigeant's Document Requests, Response to Request No. 19 at 14. This objection is indistinguishable from PDVSA's other unsupported relevancy-based objections which assert that this Request for Production is somehow "overly broad" and "seeks information not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA." *Id.* As a result, Trigeant will address all three of these objections together.

[53] Petroleos de Venezuela, S.A.'s Reply Memorandum in Support of Motion to Dismiss [DE #49] at 6.

[54] Motion to Dismiss and Incorporated Memorandum of Law by Petroleos de Venezuela, S.A. [DE #44] at 7.

[55] *Goodman Holdings v. Rafidain Bank*, 26 F.3d 1143, 1147 (D.C. Cir. 1994).

[56] Petroleos de Venezuela, S.A.'s Reply Memorandum in Support of Motion to Dismiss [DE #49] at 6.

jurisdictional defenses, this Request is both "appropriate" and "reasonable."[57]   Finally, Trigeant's

request is in no way overly broad or burdensome because this request is limited in time to the

Designated Period.

## REQUEST FOR PRODUCTION NO. 20

All communications between PDVSA and the Government of Venezuela relating to PDVSA's refusal to sell Boscan to Trigeant at any time during the Designated Period.

### Objection:

PDVSA objects to this request on the grounds that it is overly broad, vague, unduly burdensome, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA, seeks information protected by the attorney-client privilege or work product doctrine, and seeks information relating to an act of state and/or a political question not properly the subject of jurisdictional discovery.  Subject to these objections, and to the General Objections, PDVSA responds that it has no such documents in its possession, custody or control.

### Reasons to Support Motion:

PDVSA's objections to Request No. 20 should be overruled for the same reasons as its

objections to Request No. 19, discussed above.

## REQUEST FOR PRODUCTION NO. 21

All documents setting out the Government of Venezuela's policies with respect to asphalt sales in the United States or Florida at any time during the Designated Period.

### Objection:

PDVSA objects to this request on the grounds that it is overly broad, vague, unduly burdensome, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA, seeks information protected by the attorney-client privilege or work product doctrine, and seeks information relating to an act of state and/or a political question not properly the subject of jurisdictional discovery.

---

[57] *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730-31 (11th Cir. 1982); *Mother Doe I ex rel. R.M. v. Al Maktoum*, 2007 WL 2209258 at *10-11 (S.D. Fla. July 30, 2007) (unpublished).

**Reasons to Support Motion:**

PDVSA's objections to Request No. 21 should be overruled for the same reasons as its objections to Request No. 19, discussed above.  Given that Trigeant's Request No. 21 stems directly from PDVSA's own jurisdictional defenses based on the FSIA, it is clear that this Request for Production is both "appropriate" and "reasonable."[58]

## SPECIFIC REQUEST FOR PRODUCTION NO. 22

All communications between PDVSA and the Government of Venezuela relating to asphalt sales in the United States at any time during the Designated Period.

**Objection:**

PDVSA objects to this request on the grounds that it is overly broad, vague, unduly burdensome, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA, seeks information protected by the attorney-client privilege or work product doctrine, and seeks information relating to an act of state and/or a political question not properly the subject of jurisdictional discovery.

**Reasons to Support Motion:**

PDVSA's objections to Request No. 22 should be overruled for the same reasons as its objections to Request No. 19, discussed above. Given that Trigeant's Request No. 22 stems directly from PDVSA's own jurisdictional defenses based on the FSIA, it is clear that this Request for Production is both "appropriate" and "reasonable."[59]

## SPECIFIC REQUEST FOR PRODUCTION NO. 23

All communications or documents related to the national oil policy of Venezuela with respect to business with Trigeant at any time during the Designated Period.

---

[58] *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730-31 (11th Cir. 1982); *Mother Doe I ex rel. R.M. v. Al Maktoum*, 2007 WL 2209258 at *10-11 (S.D. Fla. July 30, 2007) (unpublished).
[59] *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730-31 (11th Cir. 1982); *Mother Doe I ex rel. R.M. v. Al Maktoum*, 2007 WL 2209258 at *10-11 (S.D. Fla. July 30, 2007) (unpublished).

**Objection:**

PDVSA objects to this request on the grounds that it is overly broad, vague, unduly burdensome, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA, seeks information protected by the attorney-client privilege or work product doctrine, and seeks information relating to an act of state and/or a political question not properly the subject of jurisdictional discovery. Subject to these objections, and to the General Objections, PDVSA responds that it has no such documents in its possession, custody or control.

**Reasons to Support Motion:**

PDVSA's objections to Request No. 23 should be overruled for the same reasons as its objections to Request No. 19, discussed above. Given that Trigeant's Request No. 23 stems directly from PDVSA's own jurisdictional defenses based on the FSIA, it is clear that this Request for Production is both "appropriate" and "reasonable."[60]

## SPECIFIC REQUEST FOR PRODUCTION NO. 24

All documents describing or detailing the process by which companies may do business with PDVSA at any time during the Designated Period.

**Objection:**

PDVSA objects to this request on the grounds that it is overly broad, vague, and unduly burdensome, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence on the issue of the Court's jurisdiction over PDVSA, and seeks information to which Plaintiffs have access equal, if not superior, to PDVSA. Subject to these objections and the General Objections, PDVSA responds that the information requested by Plaintiffs detailing the process by which companies may do business with non-party PDVSA Petroleo, S.A. may be found on PDVSA's website, http://www.pdvsa.com.

**Reasons to Support Motion:**

PDVSA's objections should be overruled because they lack the required level of specificity, as discussed with respect to Request No. 1.

PDVSA's vagueness objection must be rejected, as Request No. 24 describes "with reasonable particularity" the communications and documents being requested. Request No. 24

---

[60] *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 730-31 (11th Cir. 1982); *Mother Doe I ex rel. R.M. v. Al Maktoum*, 2007 WL 2209258 at *10-11 (S.D. Fla. July 30, 2007) (unpublished).

places PDVSA on notice of what is called for and what is not, and provides it with sufficient information to enable it to identify responsive communications and documents. For example, the Request for Production states the nature of the documents requested and offers a specific time period. PDVSA's objection that this Request for Production is "unduly burdensome" is similarly hollow, for the reasons set forth with respect to Request No. 9.

Nor is this Request for Production "overly broad" or otherwise beyond the scope of discovery, as discussed with respect to Request No. 3. In order to test PDVSA's FSIA defense and to demonstrate its own jurisdictional allegations in the Third Amended Complaint with respect to the commercial activities of PDVSA, Trigeant seeks documents and information detailing the process by which companies may do business with PDVSA. Such documents and information are important in showing that PDVSA played a role in negotiating with and selecting the third parties which conducted business with its subsidiaries and agents, PDVSA Petroleo, CITGO, and others.

Likewise, PDVSA's objection that Trigeant "seeks information to which Plaintiffs have equivalent if not superior access," is not a valid objection and should be rejected.[61] Moreover, PDVSA does not state to which documents it believes Trigeant has (better) access, or why it believes that Trigeant's access is equivalent or superior to its own.

Instead of producing documents describing or detailing the process by which companies may do business with PDVSA, PDVSA directs Trigeant to its website, without even directing Trigeant to the relevant part of the website. Nonetheless, providing an internet address does not

---

[61] *See St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) (Remarking, with respect to identical discovery objection that documents were equally available to other party, that "courts have unambiguously stated that this exact objection is insufficient to resist a discovery request.") (citing *City Consumer Svcs. v. Horne*, 100 F.R.D. 740, 747 (D. Utah 1983)); Wright & Miller, Federal Practice and Procedure, Civil § 2014, at 204 (West 1994) ("[I]t is not usually ground for objection that the information is equally available to the interrogator[.]").

end PDVSA's document production obligations with respect to Request No. 24. For instance, Trigeant's Request encompasses any internal memoranda, guidelines, or similar documents setting forth the criteria and processes summarized in the website. In sum, it is impossible for PDVSA to claim that this website is the only document describing the procedure by which it selects its business partners or those of its subsidiaries and agents.

**SPECIFIC REQUEST FOR PRODUCTION NO. 25**

All documents used in responding to Plaintiffs' First Set of Interrogatories Related to Defendant's Objection to Jurisdiction.

**Objection:**

None

**Reasons to Support Motion:**

PDVSA declares that it has not relied on any documents other than the ones identified or produced herein to respond to Trigeant's First Set of Interrogatories Related to Defendant's Objection to Jurisdiction. First, Trigeant has reason to believe that PDSVA is withholding documents responsive to this Request for Production, based on documents responsive to other Requests for Production which PDVSA has failed to produce while claiming that no such documents existed. Second, even if it is true that PDVSA has produced the entirety of those documents used in responding to the Interrogatories, this meager set of documents is further evidence of PDVSA's failure to meet its discovery obligations with respect to those Interrogatories. Finally, given that PDVSA claims to have consulted only a single individual (an in-house attorney) in answering Trigeant's Interrogatories, it is a virtual certainty that other responsive documents will be found once PDVSA is compelled to properly respond to Trigeant's Interrogatories and consult other PDVSA employees and representatives with knowledge.

### III.   CONCLUSION

WHEREFORE, Trigeant respectfully requests that the Court issue an order compelling PDVSA to provide complete and accurate responses to Trigeant's First Set of Interrogatories Related to Defendant's Objections to Jurisdiction and to Trigeant's First Requests For Production of Documents Related to Defendant's Objections to Jurisdiction, and award Trigeant its fees associated with filing this motion.

Dated this 17th day of November, 2009.

> **GUNSTER, YOAKLEY & STEWART, P.A.**
> *Attorneys for Plaintiffs, Trigeant Ltd. and Trigeant EP Ltd.*
> 777 S. Flagler Drive, Suite 500 East
> West Palm Beach, Florida 33401
> Telephone: 561-655-1980
> Facsimile: 561-655-5677
>
> By:   s/ Rebecca Cavendish
> DAVID R. ATKINSON, JR.
> Florida Bar No.  767239
> NICOLE K. ATKINSON
> Florida Bar No. 0167150
> REBECCA C. CAVENDISH
> Florida Bar No.  152153

**VINSON & ELKINS LLP**
*Admitted Pro Hac Vice for Plaintiffs, Trigeant Ltd. and Trigeant EP Ltd.*
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone: 713-758-2222
Facsimile: 713-758-2346
JAMES LOFTIS
Texas Bar No.  12491210
ROBERT WILKINS
Texas Bar No.  24033343
NEIL IMUS
District of Columbia Bar No. 394544

## Statement of Counsel Pursuant to Local Rule 7.1A(3)

Pursuant to Local Rule 7.1A(3) of the Local Rules for the Southern District of Florida, undersigned counsel confirms that she has conferred with counsel for Defendant, Maxine Long, Esq., in a good faith effort to resolve the issues raised by this Motion and has been unable to do so.

GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive
Philips Point, Suite #500 East
West Palm Beach, FL 33401-6194
Telephone: (561) 655-1980
Facsimile (561) 655-5677
Attorneys for Plaintiffs

By:    s/ Rebecca Cavendish
        DAVID R. ATKINSON, JR.
        Florida Bar No. 767239
        NICOLE K. ATKINSON
        Florida Bar No. 0167150
        REBECCA C. CAVENDISH
        Florida Bar No. 152153

## CERTIFICATE OF SERVICE

I certify that the foregoing document is being served this 17th day of November, 2009 on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Rebecca Cavendish
Rebecca Cavendish

## SERVICE LIST

### Case No. 08-80584 Civ-Middlebrooks/Johnson

**Electronic Mail Notice List**

- **David Richardson Atkinson , Jr.**
  datkinson@gunster.com, fdaniel@gunster.com, cmurray@gunster.com

- **Nicole Katherine Atkinson**
  natkinson@gunster.com, bgrenz@gunster.com

- **Rebecca Couts Cavendish**
  rcavendish@gunster.com, lhagan@gunster.com

- **Christopher O. Davis**
  codavis@bakerdonelson.com

- **James L. Loftis**
  jloftis@velaw.com

- **Robert A. Wilkins**
  rwilkins@velaw.com

- **Maxine Master Long**
  mlong@shutts-law.com

- **Neil Imus**
  nimus@velaw.com